## THE ALAMEDA.

### NEAL v. THE ALAMEDA.

*(District Court, N. D. California. June 20, 1887.)*

**PILOTS—PILOTAGE RATES—DISCRIMINATION.**

Section 2466, Pol. Code Cal., provides a schedule of pilotage rates into or out of San Francisco, and further provides that when a vessel is spoken inward or outward bound, and the services of a pilot are declined, one-half of the schedule rates shall be paid. Section 2468 provides that all vessels coasting between San Francisco and any port in Oregon, or Washington or Alaska territories, and all vessels coasting between the ports of California are exempt from all charges for pilotage, unless a pilot be actually employed. Section 4237, Rev. St., provides that no regulation or provision shall be adopted by any state which shall make any discrimination in the rate of pilotage or half pilotage between vessels sailing between the ports of one state and vessels sailing between the ports of different states. *Held,* that the above provisions of the Political Code are unconstitutional and invalid, so far as they relate to coasting vessels, but that they are valid in respect to vessels engaged in foreign trade.

In Admiralty.

*P. D. Wigginton,* (*Lloyd & Wood,* of counsel,) for libelant.

*Milton Andros,* (*Poge & Eells,* of counsel,) for claimant.

HOFFMAN, J. On the twenty-ninth March, 1887, the libelant, a duly-licensed pilot for this harbor, spoke within the pilot's cruising grounds, and outside the bar, the steamer Alameda, inward bound from foreign ports, to the master of which he offered his services as pilot. These services were declined, and the vessel proceeded into port without hav-

ing on board any licensed pilot. The libelant now sues for half pilotage, under the provisions of section 2466 of the Political Code of California. Exceptions are filed to the libel on the ground that the section of the Political Code referred to is opposed to the provisions of section 4237 of the Revised Statutes of the United States, and is consequently inoperative and void. Title 6, *c.* 1, art. 6, Pol. Code Cal., entitled "Pilot Regulations for San Francisco, Mare Island, and Benicia," provides:

"Sec. 2466. The following shall be the rates of pilotage into or out of San Francisco: All vessels under 500 tons, $5 per foot draught; all vessels over 500 tons, $5 per foot draught, and 4 cents per ton each and every ton registered measurement. *When a vessel is spoken, inward or outward bound, and the services of a pilot are declined, one-half of the above rates shall be paid.* In all cases where inward-bound vessels are not spoken until inside of the bar, the rates of pilotage and one-half pilotage above provided shall be reduced 50 per cent. Vessels engaged in the whaling or fishing trade shall be exempt from all pilotage, except where a pilot is actually employed."

"Sec. 2468. All vessels coasting between San Francisco and any port in Oregon, or Washington or Alaska territories, and all vessels coasting between the ports of this state, are exempt from all charges for pilotage, unless a pilot be actually employed."

By the Revised Statutes of the United States it is provided as follows:

"Sec. 4237. No regulations or provisions shall be adopted by any state which shall make any discrimination in the rate of pilotage or half pilotage between vessels sailing between the ports of one state and vessels sailing between the ports of different states, or any discrimination against vessels propelled in whole or in part by steam, or against national vessels of the United States; and all existing regulations or provisions making any such discrimination are annulled and abrogated."

It is not disputed that the sections of the Political Code above cited do contain such discriminations as are prohibited by section 4237 of the Revised Statutes. A similar discrimination, contained in the Georgia Code, was held to be invalid by the supreme court, in *Spraigue* v. *Thompson*, 118 U. S. 90, 6 Sup. Ct. Rep. 988.

In that case the validity of the discrimination had been recognized by the supreme court of Georgia. But that court held that so much of the section as makes these illegal exceptions might be disregarded, and the rest of the section, as thus read, might stand upon the principle that a separable part of a statute, which is unconstitutional, may be rejected, and the remainder preserved and enforced. This view was rejected by the supreme court for the very sufficient reason "that, by rejecting the exceptions intended by the legislature of Georgia, the statute is made to enact what confessedly the legislature never meant. It confers a positive operation beyond the legislative intent, and beyond what any one can say it would have enacted in view of the illegality of the exceptions."

So, in the case at bar, it is impossible to say whether the legislature of California, if apprised of the illegality of the discrimination between coasting vessels of different states, would have elected to subject *all* such vessels to the one-half pilotage charge, or would have exempted all. The law, therefore, is invalid with respect to all coasters, and the only question presented in the case at bar is whether the provisions requiring half pilotage to be paid by all other vessels—foreign, and American vessels ar-

riving from foreign ports—are so inseparably connected with the provisions with respect to coasters that the whole statute fails, and the charge can no longer be collected.

It is unnecessary to enlarge upon the policy and the necessity which has led commercial states, in order to create and maintain an efficient class of pilots, to provide compensation, not only when the services tendered are accepted by the master of the vessel, but when they are declined. Per Mr. Justice FIELD, *Steamship Co.* v. *Joliffe*, 2 Wall. 457. Also see *Ex parte McNiel*, 13 Wall. 238; *Cooley* v. *Board of Wardens*, 12 How. 312.

Before rendering a decision which will strike down the system of half pilotage adopted by this state, the court should be convinced that there is no alternative. It may, perhaps, admit of doubt whether the question now presented can be raised by the claimants in this case. The only invalidity of the law is an attempted discrimination between coasters of different states. The Alameda is not, as was the Saxon, in *Spraigue* v. *Thompson*, a licensed coast-wise vessel. She is an American registered vessel, engaged in foreign trade. She is not injured or affected by the illegal discrimination between coasters. She is merely subjected to a just and necessary tax, which, if the court should declare her to be now exempt from, would probably, as it might be, lawfully reimposed as soon as the legislature convenes. She has undoubtedly an interest in defeating the law, for she seeks to escape its operation; but she is in no way injured by those of its provisions which make an illegal discrimination between vessels of a class to which she does not belong.

But, waiving this point, the inquiry remains, "Are the unconstitutional provisions so connected with the general scope of the law as to make it impossible, if they are stricken out, to give effect to what appears to have been the intent of the legislature?" *Allen* v. *Louisiana*, 103 U. S. 84. The advocates for the libelant suggest in their brief that the provisions making a discrimination be stricken out, so that the general provisions with respect to half pilotage would apply to all vessels entering or leaving this port. But this, as held by the supreme court in *Spraigue* v. *Thompson*, is clearly inadmissible. It would not be to give effect to what appears to be the intent of the legislature, but to give effect to what appears not to have been its intent. The legislature certainly proposed to exempt coasters trading between this and adjacent Pacific ports of the United States. How then can the court impose the tax? But the intent to subject foreign vessels and American vessels engaged in foreign trade to the charge is equally clear. The intent to discriminate between coasters is also manifest. This last intent fails, by reason of its illegality, and all coasters are exempt.

But I perceive no difficulty in holding, as the court is bound to do, unless the objections are insuperable, that the invalidity of the provisions with respect to coasters does not annul the whole statute, and render invalid its provisions with regard to other classes of vessels,—provisions against which, if they stood alone, no legal or constitutional objections could be raised, and which express and carry into effect the manifest intent of the legislature. Exceptions overruled.